# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

YOLANDA JADE TREJO MARTINEZ,

        Plaintiff,

v.  No. 2:16-cv-1043-KRS

NANCY A. BERRYHILL,
Acting Commissioner of the
Social Security Administration,

        Defendant.

## OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO REVERSE AND REMAND

Plaintiff seeks review of the Commissioner's determination that she is not entitled to disability benefits under Title II or Title XVI of the Social Security Act, 42 U.S.C. §§ 401-434, §§ 1381-1383f. With the consent of the parties to conduct dispositive proceedings in this matter, *see* 28 U.S.C. § 636(c); Fed.R.Civ.P. 73(b), the Court has considered Plaintiff's Motion to Reverse and Remand for Rehearing, with Supporting Memorandum, filed April 10, 2017 (Doc. 20), the Commissioner's response in opposition, filed May 24, 2017 (Doc. 24), and Plaintiff's reply, filed June 30, 2017 (Doc. 28). Having so considered, the Court FINDS and CONCLUDES that Plaintiff's motion is not well-taken and should be denied.

### I. PROCEDURAL BACKGROUND

On June 5, 2014, Plaintiff filed an application for Title II disability insurance benefits and Title XVI supplemental security income, alleging that she had been disabled since June 30, 2011, due to depression, a back injury, and arthritis. AR 69. On April 10, 2015, it was determined that Plaintiff was not disabled and her claim was denied. AR 97-98. This determination was

affirmed on January 26, 2016, AR 128-29, and a subsequent hearing before an administrative law judge ("ALJ"), held on April 25, 2016, again ended in a denial. AR 16-29. The ALJ's decision became final when, on August 1, 2016, the Appeals Council denied Plaintiff's request for review. AR 1-4. *See Sims v. Apfel*, 530 U.S. 103, 106–07 (2000) (explaining that if the Council denies a request for a review, the ALJ's opinion becomes the final decision). *See also* 20 C.F.R. § 404.900(a)(1)-(5).

## II. STANDARD

Judicial review of the Commissioner's decision is limited to determining "whether substantial evidence supports the factual findings and whether the ALJ applied the correct legal standards." *Allman v. Colvin*, 813 F.3d 1326, 1330 (10th Cir. 2016). *See also* 42 U.S.C. § 405(g). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004) (quotation omitted). "Evidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion." *Grogan v. Barnhart*, 399 F.3d 1257, 1261-62 (10th Cir. 2005) (quotation omitted). The Court must examine the record as a whole, "including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Id.* at 162. "Failure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed is grounds for reversal." *Byron v. Heckler*, 742 F.2d 1232, 1235 (10th Cir. 1984) (quotation omitted). Even so, it is not the function of the Court to review Plaintiff's claims de novo, and the Court may not reweigh the evidence or substitute its judgment for that of the ALJ. *Glass v. Shalala*, 43 F.3d 1392, 1395 (10th Cir. 1994).

## III. ANALYSIS

### A. Disability Framework

"Disability," as defined by the Social Security Act, is the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(3)(A); § 423(d)(1)(A). The Act further adds that for the purposes of § 1382c(3)(A) and § 423(d)(1)(A):

> an individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 1382c(3)(B); § 423(d)(2)(A).

When evaluating a disability claim under this standard, the ALJ employs a five-step sequential process. 20 C.F.R. § 404.1520.[1] In the first four steps, the claimant must prove that he or she (1) is not engaged in any substantial gainful activity; (2) has a severe physical or mental impairment, or combination of impairments, that meets the twelve month duration requirement; (3) has an impairment, or combination thereof, that meets or equals a listing in 20 C.F.R. pt. 404, subpt. P, App. 1; and (4) is unable to engage in past relevant work. 20 C.F.R. § 404.1520 (a)(4)(i)-(iv). If the disability claim survives step four, the burden shifts to the ALJ to prove, at step five, that the claimant is able to adjust to other jobs presently available in significant numbers in the national economy. 20 C.F.R. § 416.1520(a)(4)(v). *See also Wilson v. Astrue*, 602 F.3d 1136, 1139 (10th Cir. 2010).

---

[1] 20 C.F.R. Part 404, which relates to the provisions of Title II of the Social Security Act, has parallel citations to Part 416, which applies to Title XVI of the Act. The Court cites only to Part 404.

Steps four and five are based on an assessment of the claimant's residual functional capacity ("RFC") which gauges "what the claimant is still functionally capable of doing on a regular and continuing basis, despite his impairments." *Williams v. Bowen*, 844 F.2d 748, 751 (10th Cir. 1988).

### B. The ALJ's Determination

In the case at bar, ALJ Rolph engaged in the sequential analysis set forth above, first finding that Plaintiff had not engaged in substantial gainful activity since her alleged onset date of June 30, 2015.[2] AR 21. At step two, ALJ Rolph found that Plaintiff has the severe impairments of depression, anxiety, post-traumatic stress disorder (PTSD), and adjustment disorder. *Id.* At step three, the ALJ determined that none of Plaintiff's impairments, whether alone or in combination, met or medically equaled the severity of a listed impairment. AR 22.

ALJ Rolph next assessed Plaintiff's RFC, finding that Plaintiff has the residual functional capacity to:

> perform a full range of work at all exertional levels but with the following nonexertional limitations: she is fully capable of learning, remembering and performing simple, routine and repetitive work tasks, involving simple work instructions, which are performed in a routine, predictable and low stress work environment, defined as one in which there is a regular pace, few workplace changes, and no "over the shoulder" supervision. She can attend and concentrate for two to four hours at a time with regular breaks. She may have occasional and superficial contact with supervisors, coworkers and the public.

AR 23-24. Based on this assessment, ALJ Rolph determined, at step four, that Plaintiff was unable to perform her past relevant work as a firefighter. AR 27.

Proceeding to step five, the ALJ found that Plaintiff was "capable of making a successful adjustment to other work that exists in significant numbers in the national economy." AR 29. Specifically, he determined that Plaintiff retained the residual functional capacity to perform the

---

[2] ALJ Rolph also determined that Plaintiff met the insured status requirements of the Social Security Act through June 30, 2015. AR 21.

requirements of Assembly Worker (DOT 706.684-022), Garment Sorter (DOT 222.687-014), and Wire Cutter (728.684-022). AR 29. Accordingly, ALJ Rolph ultimately concluded that Plaintiff was not disabled. *Id.*

### C. Challenges to the ALJ's Determination

In support of her request for reversal and remand, Plaintiff alleges that the ALJ (1) improperly weighed the opinion evidence of consultative examiner, Carla Buckner, LISW; (2) improperly weighed "other medical source" evidence; (3) improperly evaluated Plaintiff's symptoms; (4) improperly assessed Plaintiff's Global Assessment of Functioning ("GAF") score; (5) failed to consider Plaintiff's physical limitations in conjunction with her mental impairments; and (6) reached an erroneous conclusion at step five of his analysis. Plaintiff, however, fails to sufficiently develop these allegations into contentions requiring review.

Plaintiff devotes almost the entirety of her twenty-five (25) page motion to a summary of the medical evidence of record. True, Plaintiff details this evidence under headings and subheadings including, "Improper weighing of consultative psychologist and counselor opinions" (Doc. 20, p. 7); "Failure to weigh the other mental health treatment evidence" (*Id.* at 11); "Improper reliance on absence of mental health treatment, inconsistencies" (*Id.* at 19); "RFC error regarding physical limitations" (*Id.* at 21); and "The ALJ Failed to Clarify the VE Testimony" (*Id.* at 24). Yet, the argumentation attached to these allegations is relegated to a few sentences at the end of each section. And, what little argument can be found is undeveloped and largely unsupported. *See Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1161 (10th Cir. 2012) ("We will consider and discuss only those of her contentions that have been adequately briefed for our review."); *Wall v. Astrue*, 561 F.3d 1048, 1065 (10th Cir. 2009) (declining to consider undeveloped argumentation and deeming the issue waived); *United States v. Wooten*, 377 F.3d

1134, 1145 (10th Cir. 2004) ("The court will not consider such issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation.") (quotation omitted); *United States v. Kunzman*, 54 F.3d 1522, 1534 (10th Cir. 1995) ("It is insufficient merely to state in one's brief that one is appealing an adverse ruling below without advancing reasoned argument as to the grounds for the appeal.") (quoting *American Airlines v. Christensen*, 967 F.2d 410, 415 n. 8 (10th Cir.1992)).

Notwithstanding the above, the Court has considered Plaintiff's claims, to the extent they are discernable, and finds no basis for reversal.

### 1. Weighing of Evidence

ALJ Rolph's unfavorable decision was based, in part, on a consideration of opinion evidence provided by state agency examiner, Carla Buckner, LISW, and medical records and treatment notes provided by Plaintiff's own mental health sources. As is pertinent here, ALJ Rolph assigned "great weight" to Ms. Buckner's opinion and "some weight" to the records and notes from Plaintiff's sources. Plaintiff argues that the ALJ failed to provide an explanation for these weight assignments, in violation of 20 C.F.R. § 404.1527(c).[3]

#### a. Opinion Evidence Provided by Carla Buckner, LISW

In her first argument, Plaintiff explains that Ms. Buckner assessed her functionality and concluded that she has "difficulty with concentration when she is under stress and pressured"; has difficulty staying focused;[4] "allows her emotions to overwhelm her"; "gets overwhelmed

---

[3] In actuality, Plaintiff argues that the ALJ did not analyze Ms. Buckner's opinion in accordance with "the regulatory factors." (Doc. 20, p.10). The Court can only conclude that this phrase is a reference to the factors set forth in 20 C.F.R. § 404.1527(c). In regard to her own mental health providers, Plaintiff cites to *Langley*, 373 F.3d 1116, 1123 (10th Cir. 2004). As *Langley* discusses the factors found in 20 C.F.R. § 404.1527(c), the Court, again, is left to conclude that Plaintiff's argument is based on an alleged violation of § 404.1527(c).

[4] Although Ms. Buckner uses the terms "concentration" and "focus," Plaintiff does not argue that these are separate issues. Further, it appears that Ms. Buckner's statement that it is "hard for [Plaintiff] to stay focused" relates to her prior finding that Plaintiff has "difficulty with concentration when she is under stress and pressured." *See* AR 471.

easily which impacts her ability to reason, understand and memorize, and adapt"; and limits her interactions with others. AR 471. Plaintiff contends that her RFC does not fully account for these "limitations" and that, per the "regulatory factors," the ALJ was required to explain why he "rejected" Ms. Buckner's opinion. (Doc. 20, pp. 10-11). Plaintiff does not provide any specific legal explanation for her argument and the Court finds no legal error in the ALJ's consideration of Ms. Buckner's opinion evidence. Moreover, the Court finds Plaintiff's contentions in this regard to be a misstatement of the facts.

Plaintiff's RFC adopts almost the entirety (if not all) of Ms. Buckner's opinion as to Plaintiff's functionality. Ms. Buckner's assessment demonstrates that the majority of Plaintiff's difficulties, including those concerning reasoning, understanding, and concentrating, manifest when Plaintiff is feeling stressed or overwhelmed. AR 471. Plaintiff's RFC accounts for these triggers by limiting Plaintiff to a "routine, predictable, and low stress work environment." AR 24. In addition, ALJ Rolph limited Plaintiff to simple tasks involving simple instructions. AR 23. Ms. Buckner also noted that Plaintiff limits her interactions with others. AR 471. The RFC addresses this issue by limiting Plaintiff to "occasional and superficial contact with supervisors, coworkers and the public." AR 24.

Importantly, ALJ Rolph afforded "great weight" not only to Ms. Buckner's opinion, but also to the opinion of state agency examining consultant, Dr. Kevin McGuinness. AR 27. Unsurprisingly, Plaintiff does not make an argument in regard to Dr. McGuinness' findings. This is likely because the doctor determined that Plaintiff had "adequate" capacity with respect to understanding and remembering basic instructions and to attention and concentration on assigned tasks.[5] AR 436. Plaintiff's RFC reflects the opinions of both Dr. McGuinness and Ms.

---

[5] Dr. Mc.Guinness also noted "moderate" limitations in terms of Plaintiff's capacity for interpersonal interactions and to adapt to changes. AR 436-37. ALJ Rolph included these findings in Plaintiff's RFC by limiting Plaintiff's

Buckner.  *Cf. Hardman v. Barnhart*, 362 F.3d 676, 681 (10th Cir. 2004) (explaining that the ALJ may not "pick and choose among medical reports, using portions of evidence favorable to his position while ignoring other evidence.").

### b.  "Other Medical Source" Evidence

Plaintiff next attacks the ALJ's decision to assign "some weight" to her mental health treatment sources, Amy Drozda, LISW; Jennifer White, CNP; and Shauna McCosh, CNM, CNP. As a preliminary matter, licensed social workers and nurse practitioners are not considered to be "acceptable medical sources."[6]  SSR 06-03p, 2006 WL 2329939, *2 (August 9, 2006).[7]  This fact Plaintiff readily acknowledges.[8]  Consequently, Ms. Drozda and Nurse Practitioners White and McCosh are categorized as "other sources" and their opinions are evaluated in accordance with 20 CFR § 404.1527(f).

Notwithstanding this designation, Plaintiff argues that the ALJ did not provide "sufficiently specific" reasons for rejecting the evidence, or specify what evidence was rejected. (Doc. 20, pp. 18-19).  In support, Plaintiff cites to *Langley*, 373 F.3d 1116, 1123 (10th Cir. 2004).  However, the particular section of the *Langley* decision so cited discusses an ALJ's duty to provide specific reasons for not giving a treating source's medical opinion controlling weight. *Id.  See also* 20 C.F.R. § 404.1527(c)(2) ("We will always give good reasons in our notice of determination or decision for the weight we give your treating source's medical opinion.").  This specificity requirement does not apply to Plaintiff's "other source" evidence.

---

contact with supervisors, coworkers and the public, and by limiting Plaintiff to a predictable environment with few changes.
[6] This categorization applies to cases, such as the one at bar, that were filed prior to March 27, 2017.
[7] Rescinded by Federal Register Notice Vol. 82, No. 57, page 15263.  The rescission is effective for cases filed on or after March 27, 2017.
[8] *See* Doc. 20, p. 11, n. 4.

Consideration of "other source" evidence is guided by SSR 06-03p, 2006 WL 2329939 which echoes 20 C.F.R. § 404.1527(f)(1) and explains:

> [t]he evaluation of an opinion from a medical source who is not an "acceptable medical source" depends on the particular facts in each case. Each case must be adjudicated on its own merits based on a consideration of the probative value of the opinions and a weighing of all the evidence in that particular case.

SSR 06-03p, 2006 WL 2329939, at *5. As with all opinion evidence, in determining what weight to give to an "other source" opinion, the ALJ evaluates several factors including, but not limited to, the nature of the treatment relationship and the supportability and consistency of the opinion. 20 C.F.R. § 404.1527(c)(1)-(6). However, "not every factor…will apply in every case because the evaluation of an opinion from a medical source who is not an acceptable medical source…depends on the particular facts in each case." 20 C.F.R. § 404.1527(f)(1). "[T]he adjudicator generally should explain the weight given to opinions from these "other sources," or otherwise ensure that the discussion of the evidence in the determination or decision allows a claimant or subsequent reviewer to follow the adjudicator's reasoning." SSR 06-03p, 2006 WL 2329939, at *6.

Here, the record indicates that ALJ Rolph properly weighed Plaintiff's "other source" evidence. In giving "some weight" to the records and notes offered by Plaintiff's mental health treatment providers, the ALJ first noted that the providers are not "acceptable sources." He then balanced this finding with the fact that these sources had personally observed Plaintiff. AR 27. *See* 20 C.F.R. § 404.1527(c)(1)-(2) (addressing the nature and depth of the treating relationship). The ALJ also discussed the "other source" evidence and noted that "there is no detailed, clinical and/or diagnostic evidence in the case record supporting disabling limitations as alleged." And, that "[d]espite [Plaintiff's] diagnoses, the objective medical evidence fails to support limitations that would preclude [her] from working." AR 25. *See* 20 C.F.R. § 404.1527(c)(3) (addressing

the supportability of the evidence). These explanations not only accord with SSR 06-03p, but they also demonstrate that ALJ Rolph considered the factors found in 20 C.F.R. § 404.1527(c).

## 2. Symptom Evaluation[9]

Plaintiff next argues that the ALJ improperly discredited her subjective complaints concerning the limiting effects of her symptoms. (Doc. 20, p. 19). The Court has reviewed the evidence and finds no error in ALJ Rolph's consideration of Plaintiff's complaints.

In evaluating the effects of a claimant's symptoms, the ALJ must examine the entire record, "including the objective medical evidence; an individual's statements about the intensity, persistence, and limiting effects of symptoms; statements and other information provided by medical sources and other persons; and any other relevant evidence in the individual's case record." SSR 16-3p, 2016 WL 1119029, at *4 (March 16, 2016). The ALJ also considers the factors set forth in 20 CFR § 404.1529(c)(3) and 416.929(c)(3) which include:

> 1. Daily activities; 2. The location, duration, frequency, and intensity of pain or other symptoms; 3. Factors that precipitate and aggravate the symptoms; 4. The type, dosage, effectiveness, and side effects of any medication an individual takes or has taken to alleviate pain or other symptoms; 5. Treatment, other than medication, an individual receives or has received for relief of pain or other symptoms; 6. Any measures other than treatment an individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and 7. Any other factors concerning an individual's functional limitations and restrictions due to pain or other symptoms.

SSR 16-3p, 2016 WL 1119029, at *7.

Here, the ALJ reviewed the record and determined that Plaintiff's "statements concerning the intensity, persistence and limiting effects of [her] symptoms [were] not entirely consistent" with the record. AR 24. In making this finding, the ALJ noted that Plaintiff's allegations are not

---

[9] Plaintiff's heading for this argument is "Improper reliance on absence of mental health treatment, inconsistencies." (Doc. 20, p. 19).

supported by objective medical evidence; that Plaintiff is "independent in self-care"; that Plaintiff is under no medically imposed restrictions; that Plaintiff has sought minimal treatment for her mental impairments; and that Plaintiff has provided inconsistent justifications for why she stopped working as a firefighter. AR 25. Plaintiff takes issue with the final two findings.

In reference to the minimal treatment finding, Plaintiff cites to *Grotendorst v. Astrue*, 370 F. App'x 879, 883 (10th Cir. 2010) (unpublished) for the proposition that "the lack of treatment for an impairment does not necessarily mean that the impairment does not exist or impose functional limitations." This isolated statement from *Grotendorst*, is part of a larger discussion of the factors used to determine severity at step two of the disability analysis. *Id.* As the *Grotendorst* Court explains, "consideration of the amount of treatment received by a claimant does not play a role in that determination." *Id.*

Treatment considerations do, however, play a role in the evaluation of statements regarding the limiting effects of symptoms. *See, e.g.* SSR 16-3p, 2016 WL 1119029, at *8 (explaining that the Commissioner may find a claimant's statements inconsistent with the record "if the frequency or extent of the treatment sought by an individual is not comparable with the degree of the individual's subjective complaints, or if the individual fails to follow prescribed treatment that might improve symptoms"). Consequently, Petitioner's argument is without merit.

In regard to the ALJ's finding that Plaintiff offered inconsistent justifications for leaving her job as a firefighter, Plaintiff does not argue legal error. Instead, she simply offers an alternative view of the evidence. Plaintiff is asking the Court to reweigh the evidence and substitute its judgment for that of the Commissioner's. This is a task the Court cannot do. *Glass*, 43 F.3d 1392, 1395 (10th Cir. 1994).

### 3. GAF Assessment

Plaintiff also claims, with little elaboration, that ALJ Rolph improperly analyzed her GAF scores. Plaintiff makes no actual argument in this respect and the Court cannot find fault with the ALJ's assessment of this evidence.

As is clear from the record, the ALJ considered Plaintiff's GAF scores and assigned them "little weight." In so doing, the ALJ explained, inter alia, that the Social Security Administration has declined to endorse the GAF scale for use in disability determinations. AR 26. The Court finds that the ALJ's express evaluation of the GAF evidence is legally sufficient. *Cf. Keyes-Zachary*, 695 F.3d 1156, 1164 (10th Cir. 2012) (finding no error in an ALJ's failure to provide a comparative analysis and weighing of conflicting GAF evidence); *Richards v. Colvin*, 640 F. App'x 786, 791 (10th Cir. 2016) (unpublished) (explaining that the ALJ was not required to specifically discuss GAF scores as long as the record demonstrated that he considered all of the evidence).

### 4. Consideration of Physical Limitations and Mental Impairments

Plaintiff next asserts that the ALJ failed to consider the connection between her physical functioning and her mental impairments. In support, Plaintiff details the physical evidence of record and concludes that "[a]lthough perhaps not disabling in itself, when combined with her fragile mental state, the evidence supports [her] claim of disability." (Doc. 20, p. 23). Again, Plaintiff does not provide a coherent legal argument for review and the only case law she cites, *Winfrey v. Chater*, 92 F.3d 1017, 1021 (10th Cir. 1996),[10] discusses somatoform disorders.

Somatic disorders are mental impairments which are "marked by physical complaints for which no organic or physiological explanation is found and for which there is a strong likelihood that psychological factors are involved." Somatoform Definition, Merriam-Webster.com,

---

[10] Plaintiff also makes a brief reference to "SSR 85-15." (Doc. 20, p. 23). This, alone, is not worthy of review.

https://www.merriam-webster.com/medical/somatoform%20disorder (last visited January 31, 2018). In such cases, an ALJ must consider what effect the somatoform disorder has on the claimant's perception of his or her pain. *Winfrey*, 92 F.3d 1017, 1021 (10th Cir. 1996).

There is no evidence or allegation that Plaintiff has a somatic disorder and thus her reliance on *Winfrey* is misplaced. Further, as the above discussion indicates, the ALJ properly assessed the evidence of record. *See supra* pp. 6-12.

### 5. Step Five Determination[11]

Finally, Plaintiff attacks ALJ Rolph's determination that she is capable of performing the jobs of assembly worker, garment sorter, and wire cutter. Here, Plaintiff argues that these jobs require a reasoning level of two which is inconsistent with her limitation to simple work tasks involving simple instructions. (Doc. 20, p. 24). To support her argument, Plaintiff cites to *Paulek v. Colvin*, 662 F. App'x 588 (10th Cir. 2016) (unpublished), and claims that "the Court stated with approval that… 'the Eighth Circuit has held that a limitation to simple instructions is inconsistent with both level-two and level-three reasoning.'" (Doc. 20, p. 24). This is an inaccurate representation of case dicta.

While the correlation between reasoning levels and instruction capacities has yet to be fully developed in the Tenth Circuit, in *Hackett v. Barnhart*, the Court found an "apparent conflict" between jobs requiring level three reasoning and a claimant who is limited to simple and routine tasks. *Hackett v. Barnhart*, 395 F.3d 1168, 1176 (10th Cir. 2005). The *Hackett* Court further expressed that the claimant's RFC "appear[ed] more consistent" with level two reasoning. *Id.*

---

[11] The heading Plaintiff provides for this argument is "The ALJ Failed to Clarify the VE Testimony." (Doc. 20, p. 24). Yet, Plaintiff never develops the argument as stated.

The claimant in *Paulek* was limited to understanding, remembering, and carrying out simple, one-step instructions but the ALJ found him capable of performing work that required a reasoning level of three. *Paulek*, 662 F. App'x 588, 590, 594 (10th Cir. 2016) (unpublished). Contrary to Plaintiff's contention, the *Paulek* Court merely noted the Eighth Circuit's holding regarding level two reasoning—without comment—while reaffirming the inconsistency between level three reasoning and the claimant's RFC. *Id.* at 594.

There is no Tenth Circuit authority, precedential or otherwise, that suggests an inconsistency between level two reasoning and a limitation to simple tasks with simple instructions.

### IV. CONCLUSION

For the reasons set forth above, the Court is unable to assign error to the Commissioner's rejection of Plaintiff's claim for disability. Further, the Court concludes that the Commissioner's decision was based upon substantial evidence. Accordingly, the decision must stand. *See Hamilton v. Sec'y of Health & Human Servs.*, 961 F.2d 1495, 1500 (10th Cir. 1992) ("As long as substantial evidence supports the ALJ's determination, the Secretary's decision stands.").

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion to Reverse and Remand to Agency for Rehearing (Doc. 20) is hereby **DENIED**.

_____
**KEVIN R. SWEAZEA**
**UNITED STATES MAGISTRATE JUDGE**